THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* JAMES J. JOYCE, as Public Administrator of Richmond County, and as Administrator of the Estate of FRANCIS S. SMITH, Deceased, et al., Defendants.

Supreme Court, Trial Term, Richmond County, December 15, 1952.

*Nathaniel L. Goldstein, Attorney-General* (*John J. King* of counsel), for plaintiff.

*John A. Cosgrove* for James J. Joyce, as Public Administrator, defendant.

*Ralph D. Iorio,* guardian ad litem.

ARKWRIGHT, J. The People of the State of New York, by its Attorney-General, have commenced this action in ejectment against the Public Administrator of Richmond County in his capacity as said administrator and as administrator of the goods, chattels and credits of one Francis S. Smith, late of the county of Richmond, deceased; his widow, if any; his heirs at law, devisees and distributees; and any other persons, corporate or otherwise, including unknowns, interested in or claiming any right relative to certain hereinafter mentioned real property. The plaintiff demands judgment for the immediate possession of the said real property which it is alleged was formerly owned by the decedent and of which it is claimed he was seized in fee simple and was possessed at the time of his death, on May 6, 1950. The premises affected are specifically described in the complaint and are generally known and designated as 103 Catherine Street, Port Richmond, county of Richmond, New York.

At the time of the trial, the Public Administrator appeared by his attorney and withdrew his answer to the complaint. The other defendants, except as herein stated, are in default. A guardian ad litem, appointed for such of the defendants as may be infants or incompetents, and to appear as attorney for such defendants as may be in military service of the United States or have been ordered to report for induction, interposed the usual guardian's answer in behalf of said infants and incompetents and filed a notice of appearance as such attorney. He attended at the trial and participated in it throughout.

Section 10 of article I of the Constitution of New York State, provides that the People of the State, in their right of sovereignty, possess the original and ultimate property in and to all lands within the jurisdiction of the State, and that all lands, the title of which shall fail, from a defect of heirs, shall revert or escheat to the people. Section 200 of the Abandoned Property Law relative to escheated lands, is repetitive of that portion of the latter part of the above section of the Constitution.

On the death of an intestate, title by escheat, *propter defectum sanguinis,* passes at once to the State by operation of law.

(*Mooers* v. *White,* 6 Johns. Ch. 360; *Smith* v. *Doe,* 111 N. Y. S. 525; *Matter of Kelly,* 190 Misc. 250.) No proceeding is necessary for the vesting of the title. (*Croner* v. *Cowdrey,* 139 N. Y. 471.)

Statutory provision, however, is given by the Abandoned Property Law authorizing an action by the Attorney-General to confirm the State's right to escheated property and to afford an opportunity to any claimant to dispute that an escheat has in fact occurred. This remedy to the State, replacing the ancient writ of escheat, is an action in ejectment (Abandoned Property Law, § 201), but the State has no right of entry until it pursues the measures necessary to the determination of the decedent's lack of heirs. (*Jackson* v. *Adams,* 7 Wend. 367.)

The State has, therefore, brought this action of ejectment pursuant to the aforesaid and *sequitur* provisions of the above-mentioned statutory enactment.

The proof here shows that diligent effort has been made by the State to locate and ascertain the whereabouts of the heirs at law of the decedent. Investigation was made in and about the premises where the decedent lived at the time of his death, and at other places where he had previously resided. Friends and acquaintances have been interviewed. Information has been obtained from the insurance company which issued the decedent two life insurance policies but the same sheds no light on any heir at law. Inquiry has also been made at the banks with which decedent had transacted business, and at the headquarters of the labor union to which he had belonged for many years, with a negative result.

A friend and neighbor of the deceased, who had resided near the intestate's Staten Island address, and with whom he had been in frequent contact and intimate relationship, testified that the decedent had told him that he had no known relatives. This witness had known the decedent for about thirty-five years. According to the latter, Smith had been born in London, had come to the United States with his widowed mother and sister, who died at the age of three years. The family had lived on the lower east side of New York. Decedent's mother had died when decedent was twenty-one years old. He had never married.

The guardian ad litem and special attorney offered no proof at the trial and has duly submitted his report to the effect that the decedent died intestate, without known heirs, and that in his opinion his realty escheated to the State of New York.

The State has sustained the burden of proving that there are no known heirs.

Rule 241 of the Rules of Civil Practice makes it requisite that a decision in favor of the plaintiff in an action for the recovery of real property, or the possession thereof, and the judgment rendered thereon must specify in writing the estate of the plaintiff in the property recovered.

The People of the State of New York have presented an abstract of title, and a certificate based thereon, which show that the decedent was the owner in fee simple of the said premises at the time of his death.

I find that the estate of the plaintiff in the said property recovered is one in fee simple.

The relief for possession of the property, prayed for in the complaint, is granted, and judgment is rendered accordingly.